# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-34-RJC-DSC

| | |
|---|---|
| NADA FELDMAN, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on "Defendant's Partial Motion to Dismiss," (Doc. No. 10), and the Magistrate Judge's Memorandum and Reccomendation ("M&R"), (Doc. No. 16), recommending that the Court grant Defendant Charlotte-Mecklenburg Board of Education's ("Defendant") motion. Plaintiff Nada Feldman ("Plaintiff") did not file any objections.

## I. BACKGROUND

Plaintiff resigned her job as a teacher allegedly due to Defendant's "failure to provide a safe working environment and meeting [sic] her employer-provided ADA accommodations." (Doc. No. 1 at 9). Plaintiff claims that Defendant violated: (1) the Americans with Disabilities Act ("ADA"), (2) Title VII's retaliation prohibition, (3) the North Carolina Constitution, and (4) Title VII's workplace harassment prohibition. (Id. at 10-12). Defendant moved to dismiss Plaintiff's Title VII and North Carolina Constitution claims. (Doc. No. 10).

The Magistrate Judge recommended granting Defendant's motion. (Doc. No. 16). The Magistrate Judge found that Plaintiff did not bring a retaliation or workplace harassment charge

before the Equal Employment Opportunity Commission ("EEOC"). (Id. at 9, 11). See Evans v. Techs. Application & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (requiring exhaustion before the EEOC before bringing suit in federal court). As to Plaintiff's North Carolina Constitution claims, the Magistrate Judge held that any direct claim under the constitution was unavailable because Plaintiff could have pursued a breach of contract claim. (Doc. No. 16 at 15) (citing Frye v. Brunswick Cnty. Bd. of Educ., 612 F. Supp. 2d 694, 704 (E.D.N.C. 2009) (direct claim under North Carolina Constitution only available in the absence of an adequate state remedy). The Magistrate Judge further held that Plaintiff had failed to state a claim upon which relief could be granted regarding an equal protection claim under the North Carolina Constitution. (Doc. No. 16 at 16).

## II.     STANDARD OF REVIEW

The district court has authority to assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Where a party fails to object to the Magistrate Judge's M&R, the district court may accept, reject, or modify the M&R without explanation. Camby, 718 F.2d at 199.

## III. ANALYSIS

Plaintiff did not file any objections to the M&R. After reviewing the parties' briefs, Plaintiff's complaint, and the Magistrate Judge's M&R, the Court finds no clear error and adopts the Magistrate Judge's M&R in full. Plaintiff's Title VII and North Carolina Constitution claims are dismissed. Plaintiff's ADA claim remains.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 16), is **ADOPTED**; and
2. "Defendant's Partial Motion to Dismiss," (Doc. No. 10), is **GRANTED**.

Signed: October 7, 2011

Robert J. Conrad, Jr.
Chief United States District Judge